**STATE of Missouri, Plaintiff–Appellant,**

v.

**Steven Lynn PAYNE,
Defendant–Respondent.**

**No. 54553.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 9, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Kenny C. Hulshof, Asst. Pros. Atty., Cape Girardeau, for plaintiff-appellant.

Larry H. Ferrell, Cape Girardeau, for defendant-respondent.

SMITH, Judge.

The State filed this interlocutory appeal pursuant to Sec. 547.200.1, RSMo 1986, to review the action of the trial court in granting defendant's motion to suppress evidence. Defendant was charged with the misdemeanor of driving while intoxicated and as a prior offender, making the charge a Class A misdemeanor. Sec. 577.010, 577.-023 RSMo 1986.

The trial court's action was based on its implicit finding that defendant's arrest was based upon his having been stopped at an unconstitutional sobriety checkpoint i.e. roadblock. After this appeal was taken, the Western District of this Court decided *State v. Welch*, 755 S.W.2d 624 (Mo.App. 1988). That decision contains an extensive

and learned discussion of the validity of such roadblocks to challenges under the Fourth Amendment prohibition against unreasonable searches and seizures. It is sufficient to state that the roadblock before us differs in no material particular from the one in that case which was held to be constitutional. We find the reasoning and result of the *Welch* case persuasive and we conclude it should be followed.

 Defendant asserts that the roadblock does not meet the *Welch* guidelines. In particular he objects to the authority given to the officer in charge, and utilized by him, to vary from the special order of the chief of police authorizing the roadblock. Such authority for variance is contained in a general order of the chief creating the roadblock program. In this case the officer in charge changed the cars to be stopped from every other vehicle to every vehicle. He did this, he testified, because traffic was slow and several of his officers were just standing around. Such a change is authorized by the general order.

We find the change to have no constitutional ramifications. The purpose of having a prescribed procedure as to which cars will be stopped is to prevent selective stopping at the roadblock on a discretionary basis. Such selective stopping implicates the possibility that the roadblock will be utilized to target certain drivers for no other reason than some common characteristic unrelated to the possibility of intoxication, such as age, race or condition of the vehicle. Such selectivity would have Fourth Amendment implications. The adjustment made in this case does not allow such selectivity.

Defendant also objects to this roadblock on the basis that it was conducted at a time and place conducive to stopping drivers who were leaving bars in the area. The purpose of such roadblocks is to locate and arrest those who are abusing the privilege of driving on public roads by driving while they are intoxicated. It further serves to deter such abuse. It is not unreasonable that such roadblocks would be located where such drivers would be expected to be at a time they might be expected to be there.

The order sustaining defendant's motion to suppress evidence is reversed and the cause is remanded for further proceedings.

KAROHL, P.J., and KELLY, J., concur.