### A89A0142. EVANS v. THE STATE.
(380 SE2d 332)

SOGNIER, Judge.
Randall Nelson Evans appeals from his conviction of driving under the influence of alcohol.

In his sole enumeration of error, appellant contends the trial court erred by denying his motion to suppress the results of a field sobriety test and subsequent intoximeter test because he was stopped by police at a roadblock which did not comply with requirements set forth in *State v. Golden*, 171 Ga. App. 27 (318 SE2d 693) (1984). We do not agree.

In *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660)

(1979), "the United States Supreme Court held that patrolmen may not stop motorists at random to inspect their driver's licenses and vehicle registration papers, absent some specific, articulable suspicion of wrongdoing. It is clear, however, that the holding in *Prouse* was not intended as a prohibition against the utilization of highway roadblocks to conduct such inspections, for the Supreme Court specifically indicated in that opinion that roadblocks could be considered a valid alternative to random vehicle stops. [Cit.]" *Golden*, supra at 29 (2). We approved the use of a roadblock in *Golden* after considering several factors, finding that a brief stop was reasonable and violated no Fourth Amendment rights. Id. at 29-30 (2). The factors considered in *Golden* were that the decision to implement the roadblock was made by supervisory personnel rather than by the officers in the field; all vehicles were stopped, leaving no discretion to the officers as to which vehicles to stop; the delay experienced by passing motorists was minimal; the operation was well identified as a police checkpoint; and the "screening" officer's training and experience were sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication. Id.

We agree with the trial court that in the case sub judice, looking at the totality of the circumstances surrounding the roadblock, the factors considered in *Golden* were satisfied. Although the idea of the roadblock was initiated by the field officers, it was done with the approval of their supervisor and in accord with a continuing practice of the Gainesville Police Department; all passing vehicles were stopped; the delay to passing motorists was minimal; the roadblock was set up in a well lit area by uniformed officers, and patrol cars were stationed on both sides of the road and on the median with blue lights flashing, making the roadblock highly visible to approaching motorists; and the "screening" officer was sufficiently trained to enable him to make a determination as to which motorists should be asked to take the field sobriety tests.

Accordingly, the brief detention of appellant at the roadblock did not violate appellant's Fourth Amendment rights, and the trial court did not err by denying appellant's motion to suppress.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1989 —
REHEARING DENIED MARCH 21, 1989 — 

*Hester & Hester, Frank B. Hester*, for appellant.
*Lydia S. Jackson, Solicitor*, for appellee.