## A91A0962. CHRISTOPHER v. THE STATE.
(413 SE2d 236)

CARLEY, Presiding Judge.

After a bench trial, appellant was found guilty of driving under the influence and of underage possession of alcohol. He appeals from the judgments of conviction and sentences entered by the trial court on its findings of guilt.

1. Appellant enumerates as error the denial of his motion to suppress.

It is immaterial that there may have been no articulable suspicion or probable cause to stop the vehicle that appellant was operating, because appellant was stopped at a sobriety checkpoint. [T]he Supreme Court [has] specifically indicated . . . that roadblocks [can] be considered a valid alternative to random vehicle stops. [Cit.] The Supreme Court has also indicated . . . that checkpoint stops are to be viewed differently from isolated vehicle stops 'because the subjective intrusion — the generating of concern or even fright on the part of lawful travelers — is appreciably less in the case of a checkpoint stop.' [Cits.]" *State v. Golden,* 171 Ga. App. 27, 29 (2) (318 SE2d 693) (1984). "No one can seriously dispute the magnitude of the drunken driving problem or the States' interest in eradicating it. . . . Conversely, the weight bearing on the other scale — the measure of the intrusion on motorists stopped briefly at sobriety checkpoints — is slight." *Michigan Dept. of State Police v. Sitz,* __ U. S. __ (110 SC 2481 (4), 110 LE2d 412) (1990). Accordingly, the issue for resolution is not whether there was an articulable suspicion or probable cause to stop appellant's vehicle, but whether the instant sobriety check was otherwise implemented and conducted in such a manner as to demonstrate that the stop of appellant's vehicle was " 'reasonable' under the Fourth Amendment." *Michigan Dept. of State Police v. Sitz,* supra at (4). See also *Evans v. State,* 190 Ga. App. 856 (380 SE2d 332) (1989).

The evidence shows that officers had set up the sobriety checkpoint on a road where general complaints had been made regarding intoxicated drivers. The decision to set up the sobriety checkpoint was made only after the officers had been called at 11:00 p.m. to investigate a complaint regarding a loud party at a residence on the road. The host of the party was warned that those leaving his house in vehicles would have to pass through a sobriety checkpoint which was being set up along the road. In the ensuing two hours, *all* vehicles traveling along the road past the sobriety checkpoint were stopped. One of those vehicles was being operated by appellant, who had been a guest at the house where the party was being held.

We note at the outset that the sobriety checkpoint cannot be considered "unreasonable" and unconstitutional "on the basis that it was conducted at a time and place conducive to stopping drivers who were leaving [a party] in the area. The purpose of such roadblocks is to locate and arrest those who are abusing the privilege of driving on public roads by driving while they are intoxicated. It further serves to deter such abuse. It is not unreasonable that such roadblocks would be located where such drivers would be expected to be at a time they might be expected to be there." *State v. Payne,* 759 SW2d 252, 253 (2) (Mo. App. 1988). Moreover, the officers had actually warned the host of the party that the sobriety checkpoint would be set up along the road. Thus, if appellant was unaware that he faced the prospect

of being stopped on the road as he left the party, it was only because his own host had failed to warn him. It would not render the sobriety checkpoint "unreasonable" and unconstitutional that, upon being stopped without prior warning, appellant experienced "the natural fear of one who has been drinking over the prospect of being stopped at a sobriety checkpoint. . . ." *Michigan Dept, of State Police v. Sitz*, supra at (5).

In *Golden v. State*, supra at 29 (2), and *Evans v. State*, supra, we addressed several factors in determining whether the roadblocks which were there in issue were "reasonable" and constitutional. However, "[n]either *Evans* nor *Golden* establish[es] absolute criteria which must be satisfied before a roadblock is legitimate. Indeed, in *Evans*, this court looked 'at the totality of the circumstances surrounding the roadblock' to decide whether 'the factors in *Golden* were satisfied.' [Cit.] . . . As there is no question that [the officers in the instant case] are authorized to enforce laws on [the operation] of motor vehicles [by drivers under the influence] and using roadblocks for such purposes [is] reasonable and acceptable ([*Michigan Dept. of State Police v. Sitz*,] supra), the only issue in this appeal is whether the trial court correctly decided that the evidence established that this roadblock was authorized and that [appellant] was not singled out to [be] stop[ped]." *Mims v. State*, 201 Ga. App. 277, 279 (2) (410 SE2d 824) (1991).

The evidence in the instant case was sufficient to show that, under the totality of the circumstances, the roadblock, as established and implemented by the officers, was "authorized." "[F]or purposes of Fourth Amendment analysis the choice among . . . reasonable alternatives [for apprehending drunken drivers] remains with the governmental officials who have a unique understanding of, and a responsibility for, limited public resources, including a finite number of police officers." *Michigan Dept. of State Police v. Sitz*, supra at (6). Likewise, the evidence was sufficient to show that, under the totality of the circumstances, the roadblock was not established and implemented by the officers as a pretext to stop appellant, but as a legitimate law enforcement technique to subject all drivers along the road, including those who might leave the party, to a brief stop so as to detect signs of intoxication. See generally *Mims v. State*, supra at 279 (2). Appellant was stopped as the fortuitous result of his operation of a vehicle along the road at a time when a sobriety checkpoint happened to be in effect, not as the result of the officers' capricious decision to stop his particular vehicle at random so as to determine his sobriety.

It follows that there was no error in denying appellant's motion to suppress.

2. Appellant's enumeration of the general grounds is without

merit. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. Judge Arnold Shulman concurs. Beasley, J., concurs in Division 2 and in the judgment.*

DECIDED NOVEMBER 22, 1991.

*Thomas E. Maddox, Jr.*, for appellant.

*William A. Foster III, District Attorney, Jeffrey L. Ballew, Assistant District Attorney*, for appellee.