A92A1551. WEEKS v. THE STATE.
(425 SE2d 421)

COOPER, Judge.

Appellant was convicted of possession of marijuana. In his sole enumeration of error, appellant contends the trial court erred in denying his motion to suppress contraband seized from his vehicle because the State failed to prove that the police roadblock in which he was stopped was reasonable and that he consented to the search of his vehicle.

The transcript of the hearing on the motion to suppress shows

that the roadblock was authorized by a Major Bass of the Cherokee Sheriff's Department but was executed by other department personnel; that the area was well lit; that the roadblock was marked with the flashing blue lights of three patrol cars; and that every vehicle which approached the checkpoint was briefly stopped. When appellant reached the checkpoint, as one officer checked his driver's license and proof of insurance, another officer shined a flashlight into the car. The officer spotted cigarette rolling papers in the back seat and observed leaves and grass on the passenger side of the car. The officer then asked appellant "if he had ever smoked dope and specifically referenced marijuana." Appellant stated that he had but that it had been about a month before. At that point, appellant was asked to get out of the car and perform field sobriety tests. While he was outside the vehicle, the officer asked if she could look in his car. Appellant did not recall giving his consent; however, the officer testified that appellant replied, "that was fine, it was okay, it didn't matter." With her flashlight, the officer then looked at the passenger side floorboard and saw a cellophane wrapper from a cigarette package and what appeared to be an eighth of a teaspoon of marijuana residue on the floorboard. The officer asked appellant if that was marijuana on the floorboard. Appellant hesitated before answering and then asked, "Am I in trouble?" Appellant said he would get the suspected marijuana from the car, but the officer intervened. She picked up the residue, smelled it and concluded it was marijuana.

The trial court found that the roadblock met the requirements of *State v. Golden*, 171 Ga. App. 27 (318 SE2d 693) (1984) and more recent cases applying the "totality of the circumstances" test to roadblocks. The court also found that appellant consented to the search of the car and denied appellant's motion as to the marijuana seized. However, the court concluded that the questioning of appellant was improper, without probable cause and without advice of *Miranda* rights, and ordered the suppression of the questioning of appellant and the circumstances and results of the field sobriety tests.

"In *Golden v. State*, supra at 29 (2), and *Evans v. State*, [190 Ga. App. 856 (380 SE2d 332) (1989)], we addressed several factors in determining whether the roadblocks which were there in issue were 'reasonable' and constitutional. However, '(n)either *Evans* nor *Golden* establish(es) absolute criteria which must be satisfied before a roadblock is legitimate. Indeed, in *Evans*, this court looked "at the totality of the circumstances surrounding the roadblock" to decide whether "the factors in *Golden* were satisfied." (Cit.) . . .' [Cit.]" *Christopher v. State*, 202 Ga. App. 40, 42 (1) (413 SE2d 236) (1991). "As there is no question that [police] are authorized to enforce laws on use, ownership, control, licensing, and registration of motor vehicles and using roadblocks for such purposes are reasonable and ac-

ceptable ([cit.]), the . . . issue in this appeal is whether the trial court correctly decided that the evidence established that this roadblock was authorized and that [appellant] was not singled out to stop. In deciding the issue, however, our review is governed by the principle that in ruling upon motions to suppress 'the trial judge sits as the trior of the facts, hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it.' [Cit.]" *Mims v. State*, 201 Ga. App. 277, 280 (410 SE2d 824) (1991). Under the totality of the circumstances, the evidence shows that the roadblock was valid and was not established and implemented as a pretext for stopping appellant. Id. at 280; *Christopher*, supra at 42.

As to appellant's contention that the State failed to show by clear and convincing evidence that he freely and voluntarily consented to the search of his car, appellant argues that he was not free to leave and was illegally detained during the search of his car. Thus, his consent was not voluntarily given. Whether a person is "free to leave" is not "the sole basis for determining whether a defendant's consent to search was freely and voluntarily given. 'The more appropriate inquiry is whether a reasonable (person) would feel free to decline the officers' request (to search) or otherwise terminate the encounter.' [Cit.] More specifically, '(t)he courts determine the voluntariness of . . . consent by examining the "totality of the circumstances," including the age of the accused, his education and intelligence, the length of detention, whether he was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of these factors. [Cits.]' [Cit.]" *State v. Jackson*, 201 Ga. App. 810, 814-815 (412 SE2d 593) (1991). The trial court correctly determined that the questioning and administration of field sobriety tests were improper and on that basis suppressed the introduction of evidence regarding the questioning of appellant in the vehicle as well as the circumstances and results of the field sobriety tests. Appellant had been removed from his car and was performing repeated sobriety tests, the results of which were negative, when he was asked, without advice of his constitutional rights and without probable cause, to consent to a search of his car. Under the totality of the circumstances, it is difficult to imagine a clearer example of an instance in which an individual would not feel free to decline the request to search. Moreover, the plain view doctrine will not support the illegal warrantless search and seizure because the doctrine does not apply unless the police "are lawfully in position to obtain the view [and] the discovery is inadvertent." *Samuel v. State*, 198 Ga. App. 558, 560 (2) (402 SE2d 325) (1991). The officer testified that she spotted one-eighth of a teaspoon of suspected marijuana amidst leaves

and grass on the floorboard of appellant's car with a flashlight while standing outside the vehicle during appellant's unlawful detention. Without the unlawful detention of appellant, the stop would already have been concluded. Furthermore, the marijuana residue was not inadvertently discovered because the officer was no longer performing a general search of the vehicle for safety reasons but in fact was searching for marijuana when the marijuana residue was discovered.

Based on the foregoing, we conclude that although the roadblock was properly established and implemented, the trial court should have granted appellant's motion to suppress the unlawfully seized marijuana.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 23, 1992.

*Hicks, Marsh, Casey & Young, Diana W. Young,* for appellant.
*Daniel T. Stringer, Solicitor, James A. Ward, Jr., Assistant Solicitor,* for appellee.