## A93A1703. WHEELER v. THE STATE.

(437 SE2d 823)

BLACKBURN, Judge.

The trial court denied appellant Robert Wheeler's motion to suppress. We granted Wheeler's application for interlocutory appeal and this appeal followed.

On January 8, 1993, at approximately 4:37 p.m., Officer George Camp of the Albany Police Department stopped the vehicle which Wheeler was driving. Officer Camp testified that Wheeler had committed no traffic violations and he had no reason to believe Wheeler was about to violate the law. Due to several burglaries in the area, the Albany Police Department had instructed its officers "to stop any vehicle or anybody within that area to give an F.I. — it is a field interview. . . ." During Officer Camp's testimony, he agreed that the sole reason that he stopped Wheeler was because Wheeler was a black man. No composite description of the burglar was available at the time of the instant stop. We find that the stop of Wheeler for the reason stated was impermissible and that the trial court should have granted Wheeler's motion to suppress the evidence obtained subsequent to the stop.

"Although an officer may conduct a brief investigative stop of a vehicle, such a stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. Investigative stops of vehicles are analogous to *Terry*-stops and are invalid if based upon only unparticularized suspicion or hunch. An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." (Citations and punctuation omitted.) *Tarwid v. State*, 184 Ga. App. 853, 854 (363 SE2d 63) (1987).

Being of the same race as a reported burglar provides no reasonable suspicion of criminal conduct by anyone including the appellant. To hold otherwise would authorize stops of any citizen who happens to be of the same race as a reported criminal.

The trial court's suggestion that the stop of Wheeler was justified by a roadblock analogy is without merit as there was no roadblock involved herein. *Evans v. State*, 190 Ga. App. 856, 857 (380 SE2d 332) (1989). See also *Weeks v. State*, 206 Ga. App. 431 (425 SE2d 421) (1992).

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 26, 1993.

*Jones & Jones, L. Earl Jones, Stefanie D. Jones*, for appellant. *Britt R. Priddy, District Attorney, Johnnie M. Graham, Assis-*

*tant District Attorney*, for appellee.