A99A0091. THE STATE v. MANOS.
(516 SE2d 548)

McMURRAY, Presiding Judge.

Defendant was stopped at a roadblock inspection for driver's licenses and insurance papers and subsequently was charged with driving under the influence of alcohol and driving with an unlawful blood alcohol concentration. He moved to suppress "all evidence obtained" as a result of this roadblock. The State and the defendant stipulated that the roadblock at issue was operated under the same methodology as previously testified to by the same arresting officer in another case, and the parties agreed to use the evidence from that prior case as the evidence in support of this roadblock.

At that prior hearing, Officer G. T. McElroy of the Doraville Police Department testified without contradiction as follows: Doraville police were performing a license and insurance check roadblock on the southbound access road of Peachtree Industrial Boulevard at Tilly Mill Road. Officer McElroy confirmed this roadblock was implemented by supervisory personnel and was clearly identified to motorists as a police check point. Every car that approached was stopped "unless we get too backed up." In that event, police "let every car go till there's no more vehicles in sight, and then . . . start stopping cars again." That is, when the police are busy and cannot tend to the people approaching the roadblock, they let them all go through, and then later on, the police "just pick up . . . [and] resume the roadblock." Officer McElroy confirmed the "roadblock doesn't officially end; [it is] just [that] temporarily [police] let people go through. . . ." A "screening officer" would determine if a driver appeared under the influence of alcohol, although the qualifications of such screening officer do not appear of record. If a driver is able to produce proof of insurance and a driver's license, and police do not smell an odor of alcoholic beverage, the length of the detention is only "fifteen to thirty seconds."

The trial court granted defendant's motion to suppress. Pursuant to OCGA § 5-7-1 (a) (4), the State appeals. *Held*:

"[A] Fourth Amendment 'seizure' occurs when a vehicle is stopped at a checkpoint. [Cits.] The question thus becomes whether such seizures are 'reasonable' under the Fourth Amendment." *Michigan Dept. of State Police v. Sitz*, 496 U. S. 444, 450 (110 SC 2481, 110 LE2d 412). Accord *LaFontaine v. State*, 269 Ga. 251, 252 (3) (497 SE2d 367). See also *Brent v. State*, 270 Ga. 160, 161 (2) (510 SE2d 14).

A roadblock is satisfactory where the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; all vehicles are stopped as opposed to random vehicle stops; the delay to motorists is minimal; the roadblock operation is well identified as a police checkpoint; and the "screening" officer's training and experience [are] sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication.

*LaFontaine v. State*, 269 Ga. 253 (3), supra, applying the factors identified in *State v. Golden*, 171 Ga. App. 27, 29 (318 SE2d 693).

In the case sub judice, the record is silent as to the procedures whereby officers, either supervisory or in the field, determine whether public safety requires that an existing roadblock be terminated, temporarily or otherwise, due to a backup in traffic. Common sense recognizes the reasonableness of some type of procedure to suspend or halt a roadblock where the flow of traffic overwhelms the resources dedicated to that roadblock and poses a threat to public safety. A supervisor's decision to stop the roadblock, permitting all subsequent traffic to proceed is neither arbitrary nor capricious. Conversely, more officers could be assigned to the roadblock to handle the traffic load. We do not hold that a traffic backup renders an otherwise reasonable roadblock unreasonable under either the Fourth Amendment or Art. I, Sec. I, Par. XIII of the Georgia Constitution (1983). But the meager record before us is inadequate to justify reposing an unfettered discretion in the field officer to stop and start the roadblock at will (randomly), based on a vague and undocumented articulation of public safety. Absent some type of policy defining the options to supervisory personnel or else limiting the discretion of the officer in the field, we hold the evidence of record authorized the trial court's conclusion that the particular roadblock at issue was impermissibly based on an unfettered discretion granted to the field officer. Under these particular circumstances, the grant of defendant's motion to suppress was not in error.

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 20, 1999.

*Gwendolyn R. Keyes, Solicitor, Maura F. Krause, W. Cliff Howard, Assistant Solicitors*, for appellant.
*William C. Head*, for appellee.