## A99A0857. BOYCE v. THE STATE.
### (523 SE2d 607)

SMITH, Judge.

After his conviction of the offenses of DUI and driving with a revoked license, Glenn Lee Boyce brings this appeal. In his sole enumeration of error, he contends that he was stopped at an illegal roadblock and that the trial court therefore erred in denying his motion to suppress the evidence of his intoxication. We do not agree.

The issue of whether roadblocks in general are permissible in this state under the United States and Georgia Constitutions was settled with the decisions of the Supreme Court of Georgia in *LaFontaine v. State*, 269 Ga. 251 (497 SE2d 367) (1998), and *Brent v. State*, 270 Ga. 160 (510 SE2d 14) (1998).

> In examining the propriety of roadblock stops, the issue for resolution is not whether there was probable cause to stop the vehicle, but whether the roadblock stop was otherwise implemented and conducted in a manner as to demonstrate that the stop of the vehicle was "reasonable" under the Fourth Amendment. *Michigan Dept. of State Police v. Sitz*, 496 U. S. 444, 450 (110 SC 2481, 110 LE2d 412) (1990). See *Christopher v. State*, 202 Ga. App. 40 (1) (413 SE2d 236) (1991).

*LaFontaine*, supra at 252 (3).

Boyce argues, however, that the factors set forth in *Sitz* and introduced into Georgia law in *State v. Golden*, 171 Ga. App. 27 (318 SE2d 693) (1984), must be met.

> A roadblock is satisfactory where the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; all vehicles are stopped as opposed to random vehicle stops; the delay to motorists is minimal; the roadblock operation is well identified as a police checkpoint; and the "screening" officer's training and experience [are] sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication.

(Citation omitted.) *LaFontaine*, supra at 253 (3).

Boyce argues that the roadblock at which he was stopped did not meet at least two of the criteria because the decision to implement the roadblock was made by officers in the field and, at least at times, not all vehicles were stopped. We do not agree.

In *Golden*, supra at 29 (2), and *Evans v. State*, 190 Ga. App. 856 (380 SE2d 332) (1989),

> we addressed several factors in determining whether the roadblocks which were there in issue were "reasonable" and constitutional. However, neither *Evans* nor *Golden* establishes absolute criteria which must be satisfied before a roadblock is legitimate. Indeed, in *Evans*, this court looked at the totality of the circumstances surrounding the roadblock to decide whether the factors in *Golden* were satisfied.

(Citations and punctuation omitted.) *Christopher*, supra at 42.[1] The totality of the circumstances must show that the roadblock is not being used as a pretext to detain citizens in order to search their cars. *LaFontaine*, supra at 253 (3). And when viewing the totality of the circumstances, we must keep in mind that the relevant inquiry is whether the evidence shows that it was, in fact, a pretext to stop this driver, rather than a legitimate law enforcement technique. *Christopher*, supra at 42 (1). Looking at the totality of the circumstances, we conclude that here, as in *Christopher* and *LaFontaine*, the roadblock was not a pretext and was reasonable.

Boyce correctly points out that the officer who stopped him testified that he and two other Georgia state troopers made the decision to set up the roadblock, that no supervisory personnel were involved, and that his superior officers were not even working that day. But the officer also testified that under established Georgia State Patrol policy, officers had authority to decide to implement a daytime roadblock so long as it was set up in a safe place. This policy reflects decisions made by supervisory, policy-making officials in the Georgia State Patrol and demonstrates that the field officers' discretion was not unfettered. Boyce made no showing that the roadblock was pretextual or that it arbitrarily oppressed motorists or singled him out.

In addressing Boyce's argument that the roadblock did not comply with the requirement that all vehicles must be stopped, we must bear in mind three principles pertaining to our review of a trial court's ruling on a motion to suppress.

---

[1] We note that only two judges fully concurred in *Christopher*, making it physical precedent only. But it was relied upon by this court in *Weeks v. State*, 206 Ga. App. 431, 432 (425 SE2d 421) (1992), and it was cited with approval by the Supreme Court in *LaFontaine*.

First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations, punctuation and emphasis omitted.) *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

Applying these principles to this case, we conclude that because the trial court found that the roadblock was reasonable and evidence was presented to support it, we must affirm that ruling. We held in *State v. Manos*, 237 Ga. App. 699 (516 SE2d 548) (1999), that "[c]ommon sense recognizes the reasonableness of some type of procedure to suspend or halt a roadblock where the flow of traffic overwhelms the resources dedicated to that roadblock and poses a threat to public safety." Id. at 700. In *Manos*, the record was silent as to the procedures used by the field officers to determine whether public safety required them to halt a roadblock temporarily because of heavy traffic. But here, the officer testified that the only time cars were allowed to proceed unchecked through the roadblock was when they could not keep visual contact with the end of the line. Cars were ushered through when traffic "would back up and we couldn't see the traffic around us and it would create a hazard." See *Gamble v. State*, 223 Ga. App. 653, 655 (2) (478 SE2d 455) (1996) (potential hazard from traffic backup justified officers' conduct in temporarily halting roadblock).

Boyce concedes that the officer testified that the delay to motorists was minimal and that no evidence was presented to the contrary. He does, however, assert that the roadblock was not well identified, as required by the fourth factor. No orange cones were set out, the officer was not wearing a vest or holding a flashlight or other marker, and the patrol cars' flashing lights were not on. But a daytime roadblock requires far less "identification" by way of lights and reflective gear than a roadblock at night. No need existed during this daytime roadblock for flashlights or flashing lights. The troopers were in uniform, and the patrol cars were clearly visible.

As to the trooper's training, it cannot seriously be argued that a Georgia State Patrol officer conducting a roadblock under State Patrol policy does not have sufficient training to decide which motorists should be given further tests. Boyce has offered no evidence that

the officer was not qualified by experience and training. Moreover, in this case, the officer testified he "smelled a strong odor of alcoholic beverage" on Boyce's breath, and Boyce was tested only after he admitted he had been drinking. The trial court did not err in finding the roadblock reasonable and denying Boyce's motion to suppress.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 18, 1999 — 

*Thomas S. Barton*, for appellant.
*Griffin E. Howell III, Solicitor*, for appellee.