### A00A0972. LONEY v. THE STATE.
(537 SE2d 780)

SMITH, Presiding Judge.

Dennis Ray Loney was convicted after a bench trial of operating a motor vehicle after being declared a habitual violator. He appeals, asserting as his sole enumeration of error that the police roadblock that apprehended him was improperly conducted under the standard of *LaFontaine v. State*, 269 Ga. 251, 253 (3) (497 SE2d 367) (1998) and that his motion to suppress therefore should have been granted. We disagree and affirm.

*LaFontaine* enunciates four factors to determine the validity of a roadblock:

> A roadblock is satisfactory where the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; all vehicles are stopped as opposed to random vehicle stops; the delay to motorists is minimal; the roadblock operation is well identified as a police checkpoint; and the "screening" officer's training and experience [are] sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication.

Id. These four factors help ensure that a permissible highway road-block for the purpose of checking driver's licenses is not "used as a subterfuge to detain citizens for the purpose of searching their automobiles" or as an arbitrary or oppressive scheme to single out motorists for investigation. Id. The four factors are "not absolute criteria which must be satisfied before a roadblock is legitimate. Rather, this Court looks to the totality of the circumstances surrounding the road-block to determine whether the factors were satisfied." (Citations and punctuation omitted.) *Albert v. State*, 236 Ga. App. 146, 148 (1) (511 SE2d 244) (1999).

Loney does not complain that the roadblock was a subterfuge or that it was arbitrary or oppressive. Unlike many defendants chal-

lenging the validity of roadblocks, he was arrested for a driver's license violation, not some other offense uncovered during a permissible driver's license check. He simply recites that the requirements of *LaFontaine* were not met because the police vehicles did not have their blue lights activated.

Evidence was presented to the trial court that the area of the roadblock, on a county road approximately 50-75 feet from its intersection with a major highway, was well illuminated by streetlights. Four or five Sheriff's Department cars, marked with orange stripes and reflective lettering on the sides, were parked on both sides of the road. The officers were all in uniform, wearing their badges and reflective vests with "Sheriff" printed on the front and back. The reflective vests were visible from 100 yards or more in car headlights. Every officer had a flashlight. Moreover, the police cars and the roadblock were visible from the main highway. During the time the roadblock was in operation, officers observed several cars activate their turn signals and enter the turn lane for the county road but turn away when they saw the roadblock.

> The totality of the circumstances must show that the roadblock is not being used as a pretext to detain citizens in order to search their cars. And when viewing the totality of the circumstances, we must keep in mind that the relevant inquiry is whether the evidence shows that it was, in fact, a pretext to stop this driver, rather than a legitimate law enforcement technique.

(Citations and punctuation omitted.) *Boyce v. State*, 240 Ga. App. 388, 389 (523 SE2d 607) (1999). In reviewing a trial court's decision on a motion to suppress, we must not disturb its decision as the trier of fact if there is any evidence to support it; we must accept its findings of fact if any evidence supports them; and we must construe the evidence in favor of its findings and judgment. Id. at 390. The evidence presented here supports the conclusion that the roadblock was "well identified as a police checkpoint," and the trial court's finding that the roadblock was valid must be affirmed.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED JULY 27, 2000.

*Joel N. Shiver*, for appellant.

*Harry N. Gordon, District Attorney, William W. Tanner, Assistant District Attorney,* for appellee.