## A01A0053. HODGES v. THE STATE.
### (546 SE2d 54)

ELDRIDGE, Judge.

George W. Hodges was stopped at a roadblock inspection for driver's licenses and insurance papers and subsequently was charged with defective equipment, no proof of insurance, and DUI. The charges of defective equipment and no proof of insurance were nolle prossed on November 2, 1998. On the same date, following a bench trial, Hodges was convicted of DUI. He appeals from the denial of his motion for new trial. Finding no error, we affirm.

1. Hodges alleges that the roadblock was illegal and that all evidence obtained as a result of such roadblock should have been suppressed. We disagree.

> In [*State v. Golden*], 171 Ga. App. 27 (318 SE2d 693) (1984) and *Evans v. State*, 190 Ga. App. 856 (380 SE2d 332) (1989), we addressed several factors in determining whether the roadblocks which were there in issue were reasonable and constitutional. However, neither *Evans* nor *Golden* establishes absolute criteria which must be satisfied before a roadblock is legitimate. Indeed, in *Evans*, this Court looked at the totality of the circumstances surrounding the roadblock to decide whether the factors in *Golden* were satisfied. [Cits.] Our Supreme Court, relying on *Golden*, has held that where the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; all vehicles are stopped as opposed to random vehicle stops; the delay to motorists is minimal; the roadblock operation is well identified as a police checkpoint; and the screening officer's training and experience [are] sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication, a roadblock is satisfactory and is within the constitutional confines of a routine motorist roadblock. *LaFontaine v. State*, 269 Ga. 251, 253 (497 SE2d 367) (1998).

(Punctuation omitted.) *Heimlich v. State*, 231 Ga. App. 662, 663-664 (500 SE2d 388) (1998).

At the motion hearing, Officer Maynard Thompson, Jr. of the Georgia State Patrol testified without contradiction as follows: On October 23, 1996, Hodges was stopped pursuant to a license and insurance check roadblock initiated by the Nighthawk Task Force of the Georgia State Patrol. Hodges appeared to be "either intoxicated or very, very sleepy," and based on his observations, Officer Thompson asked Hodges to pull into the YMCA parking lot. After con-

ducting field sobriety tests, Hodges was placed under arrest.

Officer Thompson further testified that the roadblock had been set up at around 2:00 a.m., approximately 50 feet north of the intersection of Roswell Road and Alberta Road. The area was well lit, and police cars were placed so that their flashing rear lights could be seen by cars approaching in both directions. The roadblock was visible at least 500 to 700 feet before reaching the roadblock to vehicles approaching in both directions. The delay to motorists was minimal. Motorists were stopped for less than a minute to check their "driver's license[,] proof of insurance[,] and to take a visual and a — using the nose to smell, and see if I could detect [an] odor of intoxicants. If everything was valid, they were on their way." Officer Thompson confirmed that this roadblock was implemented by Corporal Ned West, who was the supervisor of the Nighthawk Task Force. Officer Thompson further testified that he had received special training in both roadblocks and the detection of motorists who were driving under the influence. Additionally, Officer Thompson testified that all vehicles which approached the roadblock from both directions were stopped. However, because it was drizzling rain and the roads were wet, they made sure they did not allow traffic to back up for safety concerns. If all the officers were "tied up, then we would let traffic go."

Under such evidence, there was no error in the trial court finding that the roadblock was within the constitutional confines of a routine roadblock and denying Hodges' motion to suppress.

Hodges argues that because Officer Thompson testified that anyone could make the decision to allow cars to proceed, this Court's decision in *State v. Manos*, 237 Ga. App. 699 (516 SE2d 548) (1999) demands reversal. However, "[i]n *Manos* the record was silent as to the procedures used by field officers to determine whether public safety required them to halt a roadblock temporarily because of heavy traffic." *Boyce v. State*, 240 Ga. App. 388, 390 (523 SE2d 607) (1999). Here, Officer Thompson testified that because it was drizzling rain and the road was slick, a determination had been made that it was unsafe to allow any cars to back up on the roadway, and cars were allowed to proceed through the roadblock only when all the officers on duty were busy with other cars. See *Gamble v. State*, 223 Ga. App. 653, 655 (2) (478 SE2d 455) (1996) (potential hazard from traffic backup justified officers' conduct in temporarily halting roadblock). Further, in this case, a supervisor, Corporal West, was present at the scene of the roadblock.

2. Having found in Division 1 that the stop was made within the constitutional confines of a routine motorist roadblock, Hodges' remaining enumeration of error is moot.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 27, 2001.

*Chestney-Hawkins Law Firm, Robert W. Chestney,* for appellant.
*Joseph J. Drolet, Solicitor,* for appellee.