## A02A2139. ROSS v. THE STATE.
### (573 SE2d 402)

ELDRIDGE, Judge.

On January 1, 2002, appellant-defendant Michael Ross was stopped at a Clayton County police roadblock. He was charged with driving under the influence of alcohol to the extent it was less safe for him to drive (OCGA § 40-6-391 (a) (1)), and with having an alcohol concentration of 0.08 grams or more within three hours of driving as a result of alcohol consumed before the driving activity ended. OCGA § 40-6-391 (a) (5). This Court granted Ross's application for interlocutory appeal from the Clayton County State Court's denial of his motion to suppress, as amended. On interlocutory appeal, Ross contends that the denial of his motion to suppress was error for want of evidence at the programmatic level showing a proper primary purpose for the roadblock in issue. Secondly, Ross challenges the roadblock as not in compliance with the requirement that all vehicles be stopped. Finding these claims of error to be without merit, we affirm. *Held*:

1. In *LaFontaine v. State*, 269 Ga. 251, 253 (3) (497 SE2d 367) (1998), the Supreme Court of Georgia established five criteria as determinative of the constitutionality of a roadblock.

> A roadblock is satisfactory where the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; all vehicles are stopped as opposed to random vehicle stops; the delay to motorists is minimal; the roadblock operation is well identified as a police checkpoint; and the "screening" officer's training and experience [are] sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication. [*State v. Golden*, 171 Ga. App. 27, 29-30 (318 SE2d 693) (1984).]

Id. Thereafter, relying upon *City of Indianapolis v. Edmond*, 531 U. S. 32 (121 SC 447, 148 LE2d 333) (2000), this Court modified the

first of the *LaFontaine* criteria to further require a showing by the state that the roadblock program was implemented at the programmatic level for a legitimate primary purpose, i.e., proof that the roadblock was ordered by a supervisor and implemented to ensure roadway safety rather than as a constitutionally impermissible pretext aimed at discovering general evidence of ordinary crime. *Baker v. State*, 252 Ga. App. 695, 701 (1) (556 SE2d 892) (2001) (whole court, Pope, P. J., Andrews, P. J., and Eldridge, J., dissenting), cert. denied, 252 Ga. App. 905 (2002); *Perdue v. State*, 256 Ga. App. 765 (578 SE2d 456) (2002). "In looking to the programmatic purpose, we consider all the available evidence in order to determine the relevant primary purpose." *Ferguson v. City of Charleston*, 532 U. S. 67, 81 (III) (121 SC 1281, 149 LE2d 205) (2001). That is, the program's ultimate effect is the issue, thus making review of the program's application and implementation pertinent in addition to such evidence as provided by supervisory personnel.

Ross's claim to the contrary notwithstanding, there is evidence of record showing that the decision to implement the roadblock was made at the programmatic level for a proper purpose by a supervisory officer. Although it is undisputed that Lieutenant Tom Israel was in the field at the time the roadblocks in issue were established, he testified that he was there not as a field officer participating in the roadblocks, but as the supervisor on the scene; that he supervised the Traffic Unit of the Clayton County Police Department as its officer-in-charge, supervising six full-time traffic officers and, on a part-time basis, five officers assigned to the DUI task force; that Chief of Police policy authorized him to order roadblocks as a supervisor; that he ordered the roadblocks, determining where and when they would occur; that the officers who executed the roadblocks had not participated in the decision to do so; and that the roadblocks were set up to check drivers for sobriety and operator's permits. Roadblocks for such purposes are proper under the special needs doctrine.[1] *Michigan Dept. of State Police v. Sitz*, 496 U. S. 444, 445 (110 SC 2481, 110 LE2d 412) (1990) (sobriety checkpoint); *Delaware v. Prouse*, 440 U. S. 648, 658, 663 (99 SC 1391, 59 LE2d 660) (1979) (driver's license and vehicle registration checkpoint); *Wrigley v. State*, 248 Ga. App. 387, 390 (2) (546 SE2d 794) (2001). Under these circumstances, the instant roadblocks may not be deemed unauthorized for want of proof at the programmatic level of a proper primary purpose.

---

[1] "[I]n limited circumstances, a search unsupported by either a warrant or probable cause can be constitutional when 'special needs' other than the normal need for law enforcement provide sufficient justification." *Ferguson v. City of Charleston*, supra at 74, n. 7; see also *City of Indianapolis v. Edmond*, supra at 37-40 (summary of special needs exceptions).

2. Neither was the denial of Ross's motion to suppress error upon the claim that vehicles were stopped randomly at the roadblocks in issue. Lieutenant Israel testified that he stopped and restarted the challenged roadblocks three times to safeguard his officers and the public, each time letting backed-up traffic clear the roadblocks. Otherwise, it is undisputed in the record that all vehicles stopped at the roadblocks were checked. "We held in *State v. Manos*, 237 Ga. App. 699 (516 SE2d 548) (1999), that 'common sense recognizes the reasonableness of some type of procedure to suspend or halt a roadblock where the flow of traffic overwhelms the resources dedicated to that roadblock and poses a threat to public safety.'" *Boyce v. State*, 240 Ga. App. 388, 390 (523 SE2d 607) (1999), overruled on other grounds, *Baker v. State*, supra at 702 (1).

"In reviewing a trial court's decision on a motion to suppress, an appellate court must adopt the trial court's findings of fact unless they are clearly erroneous and not supported by any evidence admitted at the suppression hearing. [Cits.]" *State v. David*, 269 Ga. 533, 535 (1) (501 SE2d 494) (1998). Given authority to "interrupt" roadblocks for purposes of ensuring safety and the undisputed evidence as showing that no vehicle subject to the instant roadblocks went unchecked, the state court did not err in denying Ross's motion to suppress upon the claim that the roadblocks were not randomly conducted.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 20, 2002 —

*Jay M. Jackson, George C. Creal, Jr.*, for appellant.
*Keith C. Martin, Solicitor-General, Tasha M. Mosley, Assistant Solicitor-General*, for appellee.