## A03A0951. FISCHER v. THE STATE.
### (581 SE2d 680)

ELDRIDGE, Judge.

Following a bench trial in the State Court of Clayton County to which the facts were stipulated, Chad Orlando Fischer was found guilty of driving under the influence of alcohol, which charge arose when Fischer was stopped on Talmadge Road immediately off Tara Boulevard in Jonesboro as a part of a "zero tolerance" roadblock. He appeals, claiming solely that the trial court erred in denying his motion to suppress the results of his breath test, because the officer who stopped him was not a legitimate part of the otherwise lawful

roadblock.[1] As facts of record support the trial court's contrary conclusion, we affirm.

In this case, the officer who stopped Fischer, Corporal D. Hocott, testified at the hearing on the motion to suppress. He stated that at approximately 1:00 a.m. on April 30, 2001, he was manning a secondary roadblock on Talmadge Road, 20 yards away from the primary roadblock on Tara Boulevard. Hocott testified that his position was clearly marked with flashing lights from his marked police car and that he "checked them coming both ways out of Talmadge. Not just the ones turning off into Talmadge but ones coming out of Talmadge also." The officer further testified that he was posted in his position on Talmadge Road by his lieutenant, who was manning the primary roadblock that evening. Hocott testified that he was "part of the law enforcement crew that went out to run this road check." He testified that Fischer was stopped as part of the roadblock on Talmadge Road. He also testified that he is Peace Officer Standards and Training certified.

These facts are sufficient for the trier of fact to have found that Corporal Hocott was a legitimate part of a lawful roadblock.[2] The fact that Hocott was manning a secondary position 20 yards from the primary roadblock does not negate the lawfulness of the roadblock.[3]

In an effort to contradict Hocott's testimony establishing his secondary position as a legitimate part of the roadblock, Fischer points to testimony from Officer D. Summers, who was manning the primary roadblock, wherein he referred to Hocott's position as a "chase car." However, Summers also explained that such "chase car" position was "part of our roadblock"; the officer further explained that the one who mans that position "also stop[s] the vehicles that come down Talmadge Road also." Accordingly, Summers' testimony does not negate Hocott's testimony that his secondary position on Talmadge Road was a legitimate part of the established roadblock, the use of the term "chase car" notwithstanding.

---

[1] At the hearing on the motion to suppress, counsel for Fischer specifically stated that he was not challenging the constitutionality of the roadblock, itself, but was claiming only that the officer who stopped Fischer was not a legitimate part of the roadblock. Nor did he question that the purpose of the roadblock was a proper one. In addition, counsel stated that "[t]here was PC [(probable cause)] for an arrest if the stop was lawful."

[2] See *LaFontaine v. State*, 269 Ga. 251, 253 (3) (497 SE2d 367) (1998); *Ross v. State*, 257 Ga. App. 541 (1) (573 SE2d 402) (2002) ("A roadblock is satisfactory where the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; all vehicles are stopped as opposed to random vehicle stops; the delay to motorists is minimal; the roadblock operation is well identified as a police checkpoint; and the 'screening' officer's training and experience (are) sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication.").

[3] *State v. Ruiz*, 243 Ga. App. 337 (531 SE2d 418) (2000).

Fischer additionally relies upon *Jorgensen v. State*[4] in support of his argument that Corporal Hocott was not a part of the roadblock. That case is clearly distinguishable from the instant one. In *Jorgensen*, the officer testified that he stopped a vehicle based solely on his hunch that the vehicle was trying to *avoid* a roadblock.[5] Here, Fischer did not try to avoid the roadblock, but approached it. And Hocott was not relying on a hunch when he stopped Fischer; rather, he stopped him — as he stopped all other drivers — as a part of the marked, secondary roadblock erected on Talmadge Road.

> On appeal from a motion to suppress, the evidence is viewed in a light most favorable to upholding the trial court's judgment. The credibility of witnesses and the weight accorded their testimony rest with the trier of fact. Thus, the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous.[6]

Here, the facts of record support the trial court's denial of Fischer's motion to suppress on the basis alleged. Consequently, we do not find that such denial was clearly erroneous.[7]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED APRIL 22, 2003 — 

*Sexton & Morris, Lee Sexton, Joseph S. Key*, for appellant.
*Keith C. Martin, Solicitor-General, Evelyn P. Sandefur, Assistant Solicitor-General*, for appellee.

---

[4] 207 Ga. App. 545 (428 SE2d 440) (1993).
[5] *Taylor v. State*, 249 Ga. App. 733, 735 (549 SE2d 536) (2001).
[6] (Citation omitted.) *Pledger v. State*, 257 Ga. App. 794, 795 (572 SE2d 348) (2002).
[7] Id.