A06A0793. CARSON v. THE STATE.
(629 SE2d 487)

MILLER, Judge.

Following a bench trial, Stanley Keith Carson was convicted of driving under the influence (DUI). Carson contends on appeal that his conviction should be reversed because the trial court erroneously admitted evidence gathered by the police after Carson was stopped at an allegedly illegal police roadblock. We discern no error and affirm.

The evidence showed that on the night of April 23, 2005, Carson approached a police roadblock located on Persimmon Road in Rabun County. The chief deputy of the Rabun County Sheriff's Office authorized the roadblock for DUI enforcement and approved the time and place of the roadblock. The screening officer at the roadblock was qualified to administer field sobriety tests and had been trained on DUI detection, drugs that impair driving, and conducting police checkpoints. There were signs posted on each side of the roadblock that read "Slow[,] Police Checkpoint Ahead" to alert approaching cars to the roadblock. Other signs read "Stop[,] Sheriff Checkpoint" in the area where cars were being checked. There also was a police car at the side of the road with its flashing lights on to alert drivers to the roadblock. At least six officers were posted at the roadblock, and a Rabun County rescue unit was on the scene as well. The police stopped every vehicle that approached the roadblock for a short time to check for drivers' licenses, proof of insurance, and evidence of any impairment or illegal activity.

Carson approached the roadblock and was stopped. The screening officer smelled alcohol coming from Carson's truck, and Carson admitted to the officer that he had been drinking. The officer also noticed an open beer container in the center console of the truck. The

officer asked Carson to perform some field sobriety tests, and he noticed that Carson was unsteady on his feet when he exited his truck. The officer also noticed that Carson's breath smelled of alcohol and that his eyes were bloodshot and watery. The officer conducted several field sobriety tests, all of which indicated that Carson was under the influence of alcohol. Carson was arrested and later convicted of DUI.

Carson contends that the trial court erred in denying his motion to suppress all of the evidence collected in connection with the stop because the police roadblock was not constitutionally implemented. We disagree.

Where, as here, the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). This Court's responsibility in reviewing the trial court's decision on the motion to suppress is to ensure that there was a substantial basis for the trial court's decision. *State v. McFarland*, 201 Ga. App. 495 (411 SE2d 314) (1991).

Pursuant to the Fourth Amendment to the United States Constitution, the police may reasonably stop a person at a police roadblock when

> (1) the record reflects that the decision to implement the checkpoint in question was made by supervisory officers and not officers in the field and that the supervisors had a legitimate primary purpose. The phrase "decision to implement" includes deciding to have this roadblock, and where and when to have it. The evidence must also show that (2) all vehicles were stopped as opposed to random stops; (3) the delay to motorists was minimal; (4) the roadblock operation was well identified as a police checkpoint; and (5) the screening officer's training and experience were sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication.

(Footnote and emphasis omitted.) *Baker v. State*, 252 Ga. App. 695, 702 (1) (556 SE2d 892) (2001); see also *LaFontaine v. State*, 269 Ga. 251, 252-253 (3) (497 SE2d 367) (1998).

Here, the record reveals that the decision to set up the roadblock was made by a supervisory officer who also approved the time and the place of the roadblock, and that the roadblock served a legitimate purpose. See *Ross v. State*, 257 Ga. App. 541, 542 (1) (573 SE2d 402) (2002). All vehicles were stopped at the roadblock, and the screening officer had prior training and experience with respect to field sobriety

testing, police checkpoint implementation, and DUI detection. The delay to motorists was minimal, and the roadblock was well-identified by several signs, an emergency vehicle, a police car with flashing lights, and officers at the scene. Thus, the police roadblock was proper. See, e.g., *Harwood v. State*, 262 Ga. App. 818, 819-821 (1) (a)-(c) (586 SE2d 722) (2003).

Since the police roadblock here was valid, the police properly stopped Carson. It follows that the trial court did not err in denying Carson's motion to suppress.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 27, 2006 — 

*Sean A. Black*, for appellant.
*Michael H. Crawford, District Attorney, Robert D. Cullifer, Assistant District Attorney*, for appellee.