## A10A2229. HURT v. THE STATE.
(704 SE2d 434)

JOHNSON, Judge.

After a bench trial, Rico Hurt was found guilty of operating a motor vehicle while having an unlawful blood alcohol level.[1] Hurt appeals, claiming that the trial court erred in denying his motion to suppress evidence because the police roadblock which led to his arrest was illegal. The claim is without merit, and we affirm.

> In examining the propriety of roadblock stops, the issue for resolution is not whether there was probable cause to stop the vehicle, but whether the roadblock stop was otherwise implemented and conducted in a manner as to demonstrate that the stop of the vehicle was reasonable under the Fourth Amendment.[2]

A police roadblock satisfies constitutional mandates where

> (1) the decision to implement the roadblock was made by supervisory personnel at the programmatic level, rather than officers in the field, for a legitimate primary purpose; (2) all vehicles, rather than random vehicles, are stopped; (3) the delay to motorists is minimal; (4) the roadblock is well identified as a police checkpoint; and (5) the screening officer has adequate training to make an initial determination as to which motorists should be given field sobriety tests.[3]

Hurt contends that the first, second and fifth factors set forth above were not satisfied by the roadblock in this case. With regard to

---

[1] OCGA § 40-6-391 (a) (5).

[2] (Citations and punctuation omitted.) *LaFontaine v. State*, 269 Ga. 251, 252 (3) (497 SE2d 367) (1998).

[3] (Citation omitted.) *Harwood v. State*, 262 Ga. App. 818, 819 (1) (586 SE2d 722) (2003).

the first factor, Sergeant T. S. Mester, supervisor of the DeKalb County Police Strategic Traffic Accident Reduction team, testified that he made the decision to implement the roadblock for the primary purpose of DUI detection, and that his decision was approved by his lieutenant. Sergeant Mester also testified that he determined the location, time and duration of the roadblock. He further stated that he was present at the roadblock only in his supervisory capacity, and not as a field officer. Officer J. B. Welchel confirmed that the roadblock had been departmentally approved, and that he was assigned to help implement it by his supervisor, Sergeant Mester. Based upon the testimony of Sergeant Mester and Officer Welchel, the trial court was authorized to find that the decision to implement the roadblock had been made by supervisory officers at the programmatic level, for a legitimate primary purpose.[4]

As for the second factor, Sergeant Mester testified that all vehicles were stopped. When asked if some cars were not stopped due to traffic congestion, the sergeant testified that he did not recall that happening. But he further explained that if traffic backs up, then the supervisor would have discretion to order that some motorists be let through in order to reduce congestion. As this court has noted, "common sense recognizes the reasonableness of some type of procedure to suspend or halt a roadblock where the flow of traffic overwhelms the resources dedicated to that roadblock and poses a threat to public safety."[5] Given the authority to interrupt a roadblock for ensuring safety and the absence of any evidence showing that any vehicles went unchecked, the trial court did not err in denying Hurt's motion to suppress upon the claim that the roadblock was not randomly conducted.[6]

Finally, Sergeant Mester testified without contradiction that all of the officers implementing the roadblock were POST-certified and had training in DUI detection. Moreover, Officer Welchel, who screened and eventually arrested Hurt at the roadblock, testified that he is a member of the DUI task force and has received specialized DUI training. Given this testimony, the trial court was authorized to find that the officer's training was "more than sufficient to qualify [him] to screen for motorists who should be given field sobriety tests. [Cits.]"[7] Accordingly, the trial court's denial of the motion to suppress must be affirmed.

---

[4] See *Brent v. State*, 270 Ga. 160, 162 (2) (510 SE2d 14) (1998); *Carson v. State*, 278 Ga. App. 501, 502 (629 SE2d 487) (2006); *Ross v. State*, 257 Ga. App. 541, 542 (1) (573 SE2d 402) (2002).

[5] (Citations and punctuation omitted.) *Ross v. State*, supra at 543 (2).

[6] Id.

[7] *Wrigley v. State*, 248 Ga. App. 387, 389 (1) (546 SE2d 794) (2001).

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED NOVEMBER 16, 2010 —
RECONSIDERATION DENIED DECEMBER 6, 2010 —

**Dwight L. Thomas**, for appellant.
**Nicole D. Marchand**, Solicitor-General, **Kelly A. McMichael**, Assistant Solicitor-General, for appellee.