## A93A2285. O'KELLEY v. THE STATE.
### (436 SE2d 760)

JOHNSON, Judge.

Candy O'Kelley pled guilty to driving under the influence of alcohol after the trial court denied her motion to suppress the results of a breath test which revealed a blood-alcohol concentration of 2.0 grams percent. The denial of the motion to suppress was properly preserved for review on appeal. See *Mims v. State*, 201 Ga. App. 277, 278-279 (1) (410 SE2d 824) (1991).

1. O'Kelley contends the roadblock at which she was stopped was unconstitutional because the officers exercised discretion in stopping cars. O'Kelley's car was stopped at 4:27 a.m. at a roadblock located on a well-lit ramp exiting off Interstate 85. At the motion to suppress hearing, the arresting officer testified that it was his practice to stop every car. He admitted that if traffic got backed up on the exit ramp, he and the other police officer conducting the roadblock would let some cars pass to prevent accidents with cars leaving the highway, but that at the time of O'Kelley's arrest, traffic was light and they were stopping every car. He also testified that only if both officers were engaged would a car be allowed to pass, but that he did not

recall that happening during O'Kelley's arrest.

O'Kelley relies on *State v. Golden*, 171 Ga. App. 27 (318 SE2d 693) (1984), in which this court affirmed a roadblock noting that all vehicles were stopped and citing *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979) in which the U. S. Supreme Court expressly disapproved random stops of motorists. There is no evidence in the record of the present case, however, to support O'Kelley's contention that the officers were making random stops or exercising discretion in choosing which cars to stop at the time of her arrest.

2. Similarly, there is no factual support for O'Kelley's assertion that the trial court erred in finding that a supervisory officer had approved the roadblock. The arresting officer testified that the DUI task force, of which he was a member, had a standing order from their highest supervisor to initiate roadblocks at any of four main locations. The night of O'Kelley's arrest the location of the roadblock was verified with a supervising officer. In *Evans v. State*, 190 Ga. App. 856 (380 SE2d 332) (1989) the court noted only that *Golden*, supra, considered whether a supervisor had approved the roadblock. Neither *Golden* nor *Evans* hold that supervisory approval is a requirement for a roadblock. Both cases merely note that it is one factor to be considered in evaluating the "totality of the circumstances surrounding the roadblock." *Evans*, supra at 857. And, in *Mims v. State*, supra, this court upheld the legality of a roadblock, noting that the factors discussed in *Golden* and *Evans* were not absolute requirements. "[N]either *Evans* nor *Golden* establishes absolute criteria which must be satisfied before a roadblock is legitimate. Indeed, in *Evans*, this court looked at the totality of the circumstances surrounding the roadblock to decide whether the factors in *Golden* were satisfied." (Citations and punctuation omitted.) *Weeks v. State*, 206 Ga. App. 431, 432 (425 SE2d 421) (1992).

3. O'Kelley contends that roadblocks violate Art. I, Sec. I, Par. XIII of the Georgia Constitution and OCGA § 17-5-30. This argument was not raised below and may not be raised for the first time on appeal. *French v. State*, 198 Ga. App. 210, 211 (2) (401 SE2d 67) (1990). See also *State v. Swift*, 232 Ga. 535 (207 SE2d 459) (1974).

4. Finally, O'Kelley argues that the roadblock failed to meet minimum standards of advanced publicity and visibility. There is no advanced publicity requirement in Georgia. Georgia law requires only that the roadblock be identified as a police checkpoint. *Evans*, supra. In this case, two police cars, one with strobe lights flashing and the other with blue and red lights flashing were parked on the side of the road at the end of the exit ramp. Both cars had reflective lettering identifying them as police vehicles. Both officers were in uniform. We find no error in the trial court's determination that the roadblock sat-

isfied the requirement that it be identifiable as a police checkpoint.
*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 14, 1993 —
RECONSIDERATION DENIED OCTOBER 28, 1993 ▮▮▮▮▮▮▮▮

*Glenn Zell, Rodney Zell,* for appellant.
*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor,* for appellee.