A94A2747. CHAMBERLAIN v. THE STATE.
(453 SE2d 793)

BIRDSONG, Presiding Judge.

Kendrick Chamberlain appeals his convictions of criminal damage to property in the first degree by damaging the natural gas line in the residence of Dorothy Mann (OCGA § 16-7-22 (a) (1)), simple battery by striking Dorothy Mann (OCGA § 16-5-23 (a) (2)), and criminal trespass by unlawfully entering the residence of Dorothy Mann (OCGA § 16-7-21 (b) (1)). Chamberlain contends the trial court erred in charging the jury on reasonable doubt, and that the evidence is insufficient to support his convictions of criminal damage to property in the first degree and criminal trespass because there was no evidence to show that he damaged the gas line or entered the residence without authority. *Held*:

1. Although Chamberlain contends the evidence was insufficient to sustain his convictions, we conclude that the jury rationally could have found from the circumstantial evidence that every reasonable hypothesis was excluded except that Chamberlain damaged the gas

line and entered the victim's home without authority, and the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that Chamberlain was guilty of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Chamberlain contends the trial court erred by charging the jury that: "There is no burden of proof upon the defendant whatever. And the burden never shifts to the defendant to prove his innocence. However, the State is not required to prove the guilt of the accused beyond all *reasonable* doubt or to a mathematical certainty." (Emphasis supplied.) Of course, this charge is erroneous; the correct charge provides: "However, the state is not required to prove the guilt of the accused beyond all doubt or to a mathematical certainty." Suggested Pattern Jury Instructions, Criminal Cases, Vol. II, 2 (D).

Although we are satisfied that the error appears to be the result of a slip of the tongue (see *Rodriguez v. State*, 211 Ga. App. 256, 258 (439 SE2d 510)), we must address whether a fair risk exists that the mistake misled or confused the jury (see *Gober v. State*, 247 Ga. 652, 655 (278 SE2d 386); *Siegel v. State*, 206 Ga. 252, 253-254 (56 SE2d 512)), particularly as all charging errors are presumed to be harmful and prejudicial unless the record shows the error to be harmless. *Foskey v. Foskey*, 257 Ga. 736, 737 (2) (363 SE2d 547). In addressing this issue, we have considered the charge as a whole (*Ward v. State*, 238 Ga. 367, 370 (233 SE2d 175)), and in so doing we note that the transcript shows that the trial court correctly charged the jury on the definition of reasonable doubt and correctly charged on numerous occasions that Chamberlain could not be convicted unless the State met its burden of proving his guilt beyond a reasonable doubt. We also note, however, that these other parts of the charge are merely inconsistent with this erroneous charge and do not explain or reconcile this erroneous charge with the full charge. See *Powell v. State*, 187 Ga. App. 878, 880 (372 SE2d 234). Further, this part of the charge has a different purpose from the parts of the charge on reasonable doubt that were correctly given; when correctly given, it places a limit on the prosecution's burden, i.e., not beyond all doubt or to a mathematical certainty. Consequently, while the other parts of the charge correctly instructed the jury that the prosecution was required to prove Chamberlain's guilt beyond a reasonable doubt, this erroneous charge allowed the jury to convict Chamberlain while still retaining some reasonable doubt about his guilt. As we have no way of knowing whether the jury applied the erroneous charge in reaching their verdict (see *Powell v. State*, supra), we cannot conclude beyond a reasonable doubt that the error did not contribute to the verdict. Therefore, Chamberlain's convictions must be reversed.

*Judgment reversed. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 1, 1995.

*Paul McGee*, for appellant.

Lewis R. Slaton, District Attorney, Carl P. Greenberg, Penny A. Penn, Assistant District Attorneys, for appellee.