## A98A0601. HEIMLICH v. THE STATE.
### (500 SE2d 388)

ELDRIDGE, Judge.

The defendant, William Scott Heimlich, filed a motion to suppress evidence gathered at what he contends was an illegal roadblock by the Georgia State Patrol. After hearing evidence, the trial court entered an order denying the motion. The trial court granted a certificate of immediate review, which was denied by this Court on May 30, 1996.

After this Court denied the certificate of immediate review, the defendant and the State stipulated to the facts placed in evidence at the suppression hearing and additional facts concerning evidence found after the stop, and the case was submitted for a bench trial without benefit of a hearing. The trial judge found the defendant guilty of: (1) Count 1, driving under the influence of alcohol; (2) Count 3, violation of the open container law; and (3) Count 4, operating a motor vehicle with no insurance.

A motion for new trial was timely filed and submitted without a hearing. It is from the denial of the motion for new trial that the defendant appeals.

In his sole enumeration of error, the defendant contends that the trial court erred in denying his motion to suppress.

"On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment." (Citation and punctuation omitted.) *Pickens v. State*, 225 Ga. App. 792 (484 SE2d 731) (1997); *Burse v. State*, 209 Ga. App. 276 (433 SE2d 386) (1993). "[T]he trial judge sits as the trior of the facts, hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it." (Citations and punctuation omitted.) *Weeks v. State*, 206 Ga. App. 431, 433 (425 SE2d 421) (1992); *Mims v. State*, 201 Ga. App. 277 (410 SE2d 824) (1991), overruled on other grounds in *Hooten v. State*, 212 Ga. App. 770 (442 SE2d 836) (1994).

Viewed in this light, the evidence shows the following. Trooper T. J. Jackson of the Georgia State Patrol testified that, on March 29, 1995, he and three other uniformed officers initiated and operated a

temporary roadblock in Gwinnett County at the intersection of Austin Garner Road and Suwanee Dam Road between the approximate hours of 5:30 p.m. and 7:35 p.m. The post commander, Sergeant Bill Norris, had issued a standing order which allowed the troopers to conduct temporary roadblocks at any time as long as there were two uniformed officers present and the weather was clear.

Trooper Jackson went on to testify that it was daylight when they conducted the roadblock. At the intersection of the two roadways there was a one-way stop sign for Austin Garner Road. The roadblock was marked by three Georgia State Patrol vehicles. The troopers had stationed a marked Georgia State Patrol vehicle on the side of Suwanee Dam Road to the north and south of the stop sign and a third vehicle on the side of Austin Garner Road near the stop sign. Two of the vehicles had bar lights on the top of the vehicle and the third vehicle had a dash light; all were clearly marked as Georgia State Patrol vehicles. A uniformed officer stood on the yellow centerline of each of the three sections of the roadway. Every vehicle which approached the checkpoint from all three directions was briefly stopped and the driver was asked to produce his driver's license and proof of insurance.

The defendant approached the intersection at approximately 7:00 p.m. When Trooper Jackson requested the defendant's driver's license and proof of insurance, he noticed a strong odor of an alcoholic beverage on or about the defendant's person. Trooper Jackson requested that the defendant pull to the shoulder of the roadway and step to the rear of the defendant's vehicle. The defendant was given a field sobriety test by Trooper Jackson and was subsequently arrested. Trooper Jackson testified that he was trained in the detection of DUI drivers and had observed numerous persons driving under the influence during his experience as a trooper.

"As there is no question that state troopers are authorized to enforce laws on use, ownership, control, licensing, and registration of motor vehicles and using roadblocks for such purposes [is] reasonable and acceptable, the only issue in this appeal is whether the trial court correctly decided that the evidence established that this roadblock was authorized and that [the defendant] was not singled out to stop." (Citation omitted.) *Mims v. State*, supra at 280.

"In *Golden v. State*, [171 Ga. App. 27 (318 SE2d 693) (1984)] and *Evans v. State*, 190 Ga. App. 856 (380 SE2d 332) (1989), we addressed several factors in determining whether the roadblocks which were there in issue were reasonable and constitutional. However, neither *Evans* nor *Golden* establishes absolute criteria which must be satisfied before a roadblock is legitimate. Indeed, in *Evans*, this [C]ourt looked 'at the totality of the circumstances surrounding the roadblock' to decide whether the factors in *Golden* were satis-

fied." (Citations and punctuation omitted.) *Weeks v. State*, supra at 432; see *O'Kelley v. State*, 210 Ga. App. 686 (436 SE2d 760) (1993).

Our Supreme Court, relying on *Golden*, has held that, "where the decision to implement the roadblock was made by supervisory personnel rather than the officers in the field; all vehicles are stopped as opposed to random vehicle stops; the delay to motorists is minimal; the roadblock operation is well identified as a police checkpoint; and the 'screening' officer's training and experience is sufficient to qualify him to make an initial determination as to which motorists should be given field tests for intoxication[,]" a roadblock is "satisfactory" and is "within the constitutional confines of a routine motorist roadblock." *LaFontaine v. State*, 269 Ga. 251, 253 (497 SE2d 367) (1998). In this case, all of the criteria set forth in *LaFontaine* were met. The roadblock was authorized and implemented by supervisory personnel under established criteria. Even though the field troopers had some discretion as to where and when to implement a roadblock, their discretion was "clearly minimal" in light of the post commander's order that a roadblock could only be conducted when two uniform officers were present and when the weather was clear. See *LaFontaine*, supra at 253.

"[T]here is no evidence of unfettered discretion by the field troopers and [Heimlich] made no showing that the roadblock was arbitrary or oppressive to motorists. [Heimlich's] arrest was not the result of a State trooper's whimsical decision to stop only his vehicle or an arbitrary scheme to single him out. [Cits.]" *LaFontaine v. State*, supra at 253.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 26, 1998.

*Donald L. Hudson, Jr., Sharon L. Hopkins*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, William F. Bryant, Assistant Solicitor*, for appellee.