## A98A1908. ELLIS v. THE STATE.
(510 SE2d 127)

Judge Harold R. Banke.

Rick F. Ellis appeals his conviction of theft by conversion. Ellis, an attorney, was appointed trustee of a testamentary trust. The trust was funded with interest and principal from certificates of deposit with an initial value in excess of $125,000 and was to terminate when the client's children completed their education or his youngest child reached age 25. The client died in 1983 and the trust should have terminated by January 1995.

In 1994, a beneficiary asked Ellis about the status of the trust and Ellis gave an unsatisfactory response. Although demands for accountings were made, Ellis never made an accounting and never made a final distribution of the trust funds to the beneficiaries. After his conviction, Ellis was sentenced to ten years confinement with three years to serve. *Held*:

1. Ellis claims his trial defense counsel was ineffective. The transcript of the evidence, however, shows that Ellis and his counsel conducted a joint defense: Ellis cross-examined witnesses, made objections, presented legal arguments on motions, and made part of the closing argument; his defense counsel made the opening statement, cross-examined a witness, and made part of the closing argument. Because Ellis participated fully in all parts of his trial, we must reject Ellis' claims of ineffectiveness of counsel. " 'When a criminal defendant elects to represent himself, either solely or in conjunction with representation or assistance by an attorney, he will not thereafter be heard to assert a claim of ineffective assistance of counsel with respect to any stage of the proceedings wherein he was counsel.' *Mullins v. Lavoie,* 249 Ga. 411, 412-413 (290 SE2d 472) (1982)." *Williams v. State,* 192 Ga. App. 317, 319 (3) (384 SE2d 877) (1989).

2. Ellis' allegations about deficiencies in the trial court's charge to the jury were waived when his counsel stated, "we have no objections to charge." *Thomas v. State,* 224 Ga. App. 816, 819 (7) (482 SE2d 472) (1997); *Dukes v. State,* 205 Ga. App. 678, 679 (2) (423 SE2d 295) (1992).

3. The record refutes Ellis' allegation that the trial court erred by considering a presentencing report containing information about another indictment. The transcript of the sentencing hearing shows

that upon Ellis' objection, the trial court responded that it would not consider the presentence investigative report. Therefore, Ellis' allegation lacks factual support.

4. Ellis' final enumeration of error asserts the State subpoenaed his wife's bank records without giving notice to either Ellis or his wife. Ellis raised this issue in the trial court through a motion in limine which the trial court denied. Pretermitting whether the prosecution should have been allowed to obtain Mrs. Ellis' bank records in this manner, Ellis has not pointed to any place in the record where the State introduced in evidence any documents or records obtained from the bank records. Accordingly, Ellis is not entitled to relief because he has failed to show that he was harmed by this purported error. "Both error and harm must be shown affirmatively by the record to authorize a reversal on appeal. *Hollis v. State*, 137 Ga. App. 298 (223 SE2d 491) [(1976)]." *Robinson v. State*, 212 Ga. App. 613, 616 (442 SE2d 901) (1994).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED DECEMBER 4, 1998 —
RECONSIDERATION DENIED DECEMBER 28, 1998

*Saliba & Moore, George M. Saliba II*, for appellant.
*John C. Pridgen, District Attorney, Kathryn O. Fallin, Assistant District Attorney*, for appellee.