A01A2220. RICHARDSON v. THE STATE.
(560 SE2d 65)

MIKELL, Judge.

James Autrie Richardson was indicted for aggravated assault by firing a gun at Jarvis Freeman. A Monroe County jury found Richardson guilty of the lesser count of simple assault. On appeal, Richardson claims the trial court (1) prevented his counsel from questioning the victim about a related civil action, (2) allowed hearsay testimony, and (3) erred in its jury charges on impeachment and justification. For the reasons that follow, we affirm.

The record shows that on August 29, 1998, Richardson entered a convenience store in Monroe County and confronted Jarvis Freeman. Freeman testified that Richardson took off his belt, started beating Freeman, and said, "you black nigger I ought to whip your ass for accusing my son of stealing some gas." Although Freeman said he had no idea what Richardson was talking about, Richardson continued to hit Freeman with his belt and chased him out of the store. Two witnesses, Stanley Jackson and Emmett Willis, testified that Richardson fired a gun twice in Jarvis Freeman's direction as he fled.

1. During cross-examination, defense counsel established that Freeman had filed a civil suit seeking $350,000 in damages against Richardson based on the events giving rise to the criminal prosecu-

tion. Defense counsel then asked Freeman: "Now, is there anybody told you that if Mr. Richardson is convicted, you would have a better chance of getting that $350,000?" The state objected. The trial court sustained the objection for the reason that Freeman might not be aware of all the ramifications of a conviction. Richardson contends that the trial court committed reversible error in sustaining the objection. We disagree.

It is only reversible error for a trial court to refuse to allow a state's witness to testify on cross-examination that he has a civil damage suit pending based upon the facts involved in the criminal case.[1] Freeman was cross-examined at length concerning the civil suit he filed against Richardson. Moreover, Freeman was ultimately asked, without objection, whether he felt that the outcome of the criminal case would affect the outcome of the civil case. The questions asked and answered by Freeman on cross-examination show the existence of the civil action and Freeman's possible bias by reason of that action. Therefore, Richardson can show no harm arising from the trial court's alleged error. As both error and harm must be shown to warrant a reversal on appeal,[2] this enumeration lacks merit.

2. The prosecutor asked Sergeant William Freeman, the police officer who responded to the incident, "What story did Jarvis [Freeman] relate to you?" Richardson argues the trial court erred when it overruled his hearsay objection to the question. We disagree. The trial court correctly admitted the testimony as a prior consistent statement. Evidence of a prior consistent statement is admissible as substantive evidence "when the veracity of the witness's trial testimony has been placed in issue at trial, the witness is present at trial, and the witness is available for cross-examination."[3] These prerequisites were satisfied. Richardson had questioned Jarvis Freeman's credibility when he introduced evidence of the civil suit and asked him whether the outcome of the criminal case would affect the outcome of the pending civil action. Accordingly, this enumeration is meritless as well.

3. Nor did the trial court err in allowing Sergeant Freeman to relate what witness Willis had told him transpired that evening. Sergeant Freeman testified that "Mr. Willis said [Richardson] had it [the gun] dead-level pointed at him [Jarvis Freeman] in the direction he was running." This statement is consistent with Willis's prior testimony that Jarvis Freeman had fled behind some bushes and that

---

[1] See *Chancellor v. State*, 165 Ga. App. 365, 372 (23) (301 SE2d 294) (1983).

[2] See *Ellis v. State*, 235 Ga. App. 837, 838 (4) (510 SE2d 127) (1998).

[3] (Punctuation omitted.) *Robinson v. State*, 246 Ga. App. 576, 581-582 (5) (541 SE2d 660) (2000).

Richardson had shot in that direction. Moreover, defense counsel impliedly placed Willis's veracity in issue when counsel established on cross-examination that Willis and Jarvis Freeman were friends as well as cousins who had been "raised up together." The veracity of a witness may be placed into issue either expressly or by implication,[4] and the testimony concerning Jarvis Freeman's relationship with Willis tended to show bias by Willis. Accordingly, the trial court did not err in admitting the testimony at issue.

4. Richardson also claims that the trial court erred in refusing to strike Sergeant Freeman's testimony concerning Willis's statement because the prosecutor's question amounted to an impermissible attempt to impeach Willis's testimony. As discussed above, however, Willis's statement to Sergeant Freeman was consistent with his prior testimony; there was no attempt to impeach that testimony.

5. Richardson next asserts that the trial court erred in its jury charge on impeachment. In part, the charge provided:

> Now Ladies and Gentlemen, to impeach a witness means to prove that witness unworthy of belief. A witness may be impeached in Georgia by disproving the facts to which they have testified or by proof of contradictory statements previously made by the witness. A witness may also be impeached by proof of general bad character or by proof of a crime involving moral turpitude.

The trial court's charge was not erroneous with regard to the nature of impeachment. At worst, the trial court charged the jury on methods for impeachment not authorized by the evidence, which is error.[5] Nevertheless, "an unauthorized charge on an unavailable method of impeachment is generally harmless error."[6] Given the strength of the evidence against Richardson and the nature of the charge as a whole, we conclude that any error regarding the impeachment charge was harmless.[7]

6. Richardson further contends the trial court erred in charging the jury as follows: "The indictment coupled with the plea of not guilty form the issue which you . . . are to decide, and that is whether or not this Defendant did commit some act out there on the 29th day of August, 1998 that was in violation of a Georgia criminal statute." Richardson argues that the charge erroneously authorized the jurors to find him guilty if they concluded that he committed any

---

[4] *Carter v. State*, 238 Ga. App. 708, 710 (2) (520 SE2d 15) (1999).

[5] *Hardy v. State*, 240 Ga. App. 115, 120 (6) (522 SE2d 704) (1999).

[6] (Punctuation omitted.) Id.

[7] See *Nunery v. State*, 229 Ga. App. 246, 247-248 (2) (493 SE2d 610) (1997).

crime at all on August 29, 1998. However, considering the charge as a whole, we do not believe the jury was misled. The trial court made it clear that the state was required to prove the elements of the crimes actually charged in the indictment. The portion of the trial court's charge alleged to be erroneous must be viewed in the context of the charge in its entirety, and the charge given, considered in its entirety, is correct.[8]

7. Finally, Richardson assigns error to the trial court's charge to the jury on justification. The trial court charged the jury that "if there is any justification for abusive language used by the person against whom force was threatened or used, you the jury may in your discretion find the words for [sic] justification for a simple assault." Richardson contends this charge was incorrect and misleading. The correct principle of law is embodied in OCGA § 16-5-25, which provides:

> A person charged with the offense of simple assault or simple battery may introduce in evidence any opprobrious or abusive language used by the person against whom force was threatened or used; and the trier of facts may, in its discretion, find that the words used were justification for simple assault or simple battery.

In this case, the trial court inadvertently referred to justification for the use of abusive language by the victim. Where, as here, the trial court commits a slip of the tongue in charging the jury, "we must address whether a fair risk exists that the mistake misled or confused the jury."[9] We conclude that the error was harmless. First, it did not change the central meaning of the law, which is that abusive language may be justification for a simple assault. Second, Jarvis Freeman uttered no arguably abusive words until after Richardson beat him with a belt.[10] Accordingly, any error in the charge on the defense of justification by reason of opprobrious or abusive language by the victim is harmless.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 1, 2002.

*Ham & Jenkins, Phillip B. Ham*, for appellant.

---

[8] See *Nealy v. State*, 246 Ga. App. 752, 756 (5) (542 SE2d 521) (2000).

[9] *Chamberlain v. State*, 216 Ga. App. 207, 208 (2) (453 SE2d 793) (1995), overruled on other grounds, *Moak v. State*, 222 Ga. App. 36, 40 (473 SE2d 576) (1996).

[10] After he was beaten, Freeman testified that he exclaimed, "Fuck it, Fuck it, Fuck it."

*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.