A02A1550. WHITED v. THE STATE.
(573 SE2d 449)

RUFFIN, Presiding Judge.

A jury found Jauntus Whited guilty of first degree forgery, attempting to elude a police officer, and reckless driving. In multiple enumerations of error, Whited argues that he received ineffective assistance of trial counsel. Whited's arguments lack merit, and we affirm.

The record shows that, on February 26, 1999, Whited went to two banks in an attempt to cash a forged check payable to "Lanyal Clay." When Whited presented the check, he gave the tellers a driver's license, which purportedly identified him as Lanyal Clay. As Whited was leaving the second bank, he encountered Deputy Sheriff Christopher Wigner, who had been called to the scene to investigate. When the teller identified Whited as the suspect, he ran through the parking lot, got into a white Acura, and sped away. Deputy Wigner got back into his patrol car, activated the flashing lights and siren, and followed Whited's car.

Deputy Wigner testified that Whited drove away "at a high rate of speed" and "in an erratic manner." In an attempt to elude Deputy Wigner, Whited ventured into oncoming traffic and passed cars on the right. Whited eventually lost control of his car, which left the road, flipped down an embankment, and landed in a yard where two

---

[4] (Citations and punctuation omitted.) *Humphreys*, supra at 576.
[5] See id.; *Simpson*, supra.

small children were playing. According to several witnesses, Whited's car came dangerously close to hitting the two children.

Whited was charged with first degree forgery, attempting to elude a police officer, reckless driving, and two counts of aggravated assault, for almost hitting the two children with his car. Prior to trial, the State notified Whited of its intent to present evidence of similar transactions. Following a hearing, the trial court concluded that the evidence was admissible. Thus, the State tendered evidence at trial that, on two other occasions, Whited had attempted to cash a forged check while using an assumed name. Based on this, and the other evidence presented, the jury found Whited guilty of forgery, attempting to elude, and reckless driving, but acquitted him of the aggravated assault charges. On appeal, Whited contends that he is entitled to a new trial because counsel provided ineffective assistance. We disagree.

In order to prevail on his claim of ineffectiveness, Whited "must prove that trial counsel's performance was deficient and but for the deficiency a reasonable probability existed that the result of the trial would have been different. An error by counsel, even if professionally unreasonable, does not warrant reversal of a criminal conviction if it had no effect on the judgment."[1] Here, Whited is unable to meet this burden.

1. Whited argues that his trial attorney was ineffective for failing "to object to the introduction of victim impact evidence at the [guilt-innocence] phase of the trial." Specifically, Whited refers to the testimony of various witnesses that Whited came so close to hitting two children with his car that family members initially feared the children were dead. We note, however, that Whited was charged with aggravated assault for nearly striking the two children. Thus, evidence surrounding the alleged crime was relevant to Whited's culpability and did not constitute impermissible victim impact statements.[2] Moreover, Whited was acquitted of aggravated assault, the crimes to which the allegedly impermissible evidence pertained. Accordingly, Whited is unable to establish prejudice.[3]

2. Whited also claims that his trial attorney was ineffective for failing to "advise [him] of the consequences of rejecting the State's negotiated plea offer." During the hearing on Whited's motion for new trial, trial counsel testified that the State offered Whited a plea bargain of ten years to serve on all counts, but Whited was unwilling to accept any agreement that required him to plead guilty to aggravated assault. On appeal, Whited argues that his attorney should

---

[1] (Punctuation omitted.) *Avans v. State*, 251 Ga. App. 575 (554 SE2d 766) (2001).

[2] See *Presnell v. State*, 274 Ga. 246, 254 (16) (551 SE2d 723) (2001).

[3] See *Demetrios v. State*, 246 Ga. App. 506, 514-515 (7) (c) (541 SE2d 83) (2000).

have told him that, if he went to trial, he ran the risk of being sentenced as a recidivist, in which case he would have accepted the State's offer. We are not persuaded by Whited's arguments.

Firstly, we note that the trial court sentenced Whited to a total of ten years — the same amount of time he faced had he accepted the State's plea offer. Thus, we fail to see how Whited was prejudiced by his attorney's alleged failure to inform him of the possibility of recidivist sentencing. Secondly, Whited told his attorney that he would not plead guilty to aggravated assault, and there was never any plea offer that met Whited's requirements. Under these circumstances, Whited's attorney cannot be deemed ineffective for failing to detail the consequences of rejecting the State's offer.[4]

3. In a related enumeration of error, Whited contends that his attorney was ineffective for failing to fully inform him of his parole eligibility as a recidivist. Once again, Whited suggests that he would have accepted the State's plea offer to ensure his parole eligibility.

"An attorney's failure to inform a defendant regarding his ineligibility for parole does not constitute ineffective assistance of counsel."[5] Here, Whited contends that his attorney actually *misinformed* him regarding his parole eligibility, which can serve as the basis for an ineffectiveness claim.[6] However, the evidence does not support Whited's contention. Indeed, during the hearing on Whited's motion for new trial, his appellate attorney did not ask a single question regarding parole discussions. It appears that Whited's attorney discussed possible sentences Whited could receive, but it does not appear that parole, or Whited's ineligibility for parole, entered the conversation. Under these circumstances, Whited's claim of error presents no basis for reversal.

4. In two enumerations of error, Whited claims that his trial attorney was ineffective for failing to object to jury charges. Evidently, Whited's trial attorney was unaware that she could reserve objections to jury instructions. In any event, the attorney testified that she did not believe any of the instructions were objectionable. We agree.

(a) Whited contends that the trial court incorrectly instructed the jury on intent. The trial court charged the jury as follows:

Intent is an essential element of any crime and must be proved by the State beyond a reasonable doubt. Intent may be shown in many ways, provided you, the jury, believe that it existed from the proven facts before you. It may be

---

[4] See *Gary v. State*, 241 Ga. App. 76, 78 (3) (526 SE2d 148) (1999).
[5] *King v. State*, 246 Ga. App. 100, 102 (3) (539 SE2d 614) (2000).
[6] See *Crabbe v. State*, 248 Ga. App. 314, 315-316 (546 SE2d 65) (2001).

inferred from the proven circumstances or by acts [and] conduct. Or it may be, in your discretion, inferred when it is the natural and necessary consequence of the act. Whether or not you draw such an inference is a matter solely within your discretion. Every person is presumed to be of sound mind and discretion, but this presumption may be rebutted. You may infer, if you wish to do so, that the acts of a person of sound mind and discretion are the product of that person's will, and that a person of sound mind and discretion intends the natural and probable consequences of those acts. Whether or not you make any such inference or inferences is a matter solely within the discretion of the jury. [Whited] will not be presumed to have acted with criminal intent, but you may find such intention or the absence of it upon consideration of words, conduct, demeanor, motive and other circumstances connected with the act for which the accused is being prosecuted.

Citing the recent Supreme Court case of *Harris v. State*,[7] Whited complains that this jury instruction "relieved the State of the obligation to prove" intent, which is a material element of a crime. Whited's reliance on *Harris* is misplaced. Subsequent cases have limited the application of *Harris* to those cases in which the trial court instructs jurors that they can infer intent to kill by the act of using a deadly weapon.[8] Thus, *Harris* has no application here.[9]

Moreover, the trial court clearly informed the jurors that they retained discretion in determining whether Whited's conduct evidenced his intent. We find no flaw in the trial court's general instruction on intent,[10] and Whited's attorney was not ineffective for failing to object to this charge.[11]

(b) Whited also asserts that the trial court improperly defined the offense of attempting to elude a police officer in its jury charge. The trial court instructed the jury that "it shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop, or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual *or* an audible signal to bring the vehicle to a stop."[12] The indictment, however, charged that Whited committed the offense by failing to "stop when given a visual

---

[7] 273 Ga. 608 (543 SE2d 716) (2001).

[8] See id. at 609-610 (2); *Smith v. State*, 255 Ga. App. 580, 584-585 (3) (565 SE2d 904) (2002).

[9] See id.; *Tucker v. State*, 253 Ga. App. 433, 437-438 (7) (559 SE2d 171) (2002).

[10] See id.

[11] See *Roberson v. State*, 236 Ga. App. 654, 656 (2) (512 SE2d 919) (1999).

[12] (Emphasis supplied.) See OCGA § 40-6-395 (a).

*and* audible signal to do so."[13] Whited suggests that the trial court's instruction permitted the jury to convict him of committing the offense in a manner not alleged in the indictment.

"The portion of the trial court's charge alleged to be erroneous must be viewed in the context of the charge in its entirety. . . ."[14] Prior to defining the offense of attempting to elude a police officer, the trial court read jurors the indictment, which correctly specified the manner in which the crime allegedly was committed. The trial court further instructed jurors that the State was responsible for proving every material allegation in the indictment. Under these circumstances, we find no error in the court's charge, which precludes a finding of ineffective assistance of counsel on this basis.[15]

5. Whited complains that his trial counsel was ineffective for failing "to object to the introduction of aggravating circumstances at sentencing." However, "failure to make a meritless objection cannot be evidence of ineffective assistance."[16] Here, the record indicates that Whited's attorney had a copy of the State's notice of intent to introduce evidence in aggravation of sentencing, but she could not recall when she received it. Evidently, Whited believes that his attorney's inability to recall receiving the notice suggests that it was untimely, which would have warranted exclusion of the evidence.[17] This is mere conjecture on Whited's part. Nothing in the record suggests that the trial court had a basis for excluding the evidence in aggravation of sentencing. It follows that trial counsel was not ineffective for failing to object.

6. Whited contends his trial attorney was ineffective for failing to object to "an undisclosed pre-sentence investigation report," which the trial court used to determine the length of his sentence. Although there is evidence that the trial court had access to a pre-sentence investigation report, there is no evidence that the trial court relied upon this report in calculating Whited's sentence. The report is not contained in the record. Thus, we are unable to ascertain what the report recommended, much less whether the trial court adhered to the recommendation. "The burden is on [Whited] to show error affirmatively from the record, and we will not presume error where the record is silent."[18] Here, the record does not support Whited's claim of error, and Whited merely speculates that the trial court

---

[13] (Emphasis supplied.)

[14] *Richardson v. State*, 253 Ga. App. 555, 558 (6) (560 SE2d 65) (2002).

[15] See *Roberson*, supra.

[16] (Punctuation omitted.) *McKinney v. State*, 251 Ga. App. 896, 898 (2) (a) (555 SE2d 468) (2001).

[17] See *West v. Waters*, 272 Ga. 591, 592-593 (1) (533 SE2d 88) (2000).

[18] *Smart v. State*, 253 Ga. App. 649, 653 (5) (560 SE2d 92) (2002).

relied on such report. Such speculation cannot serve as the basis of an ineffectiveness claim.[19]

7. Whited asserts that his trial attorney was ineffective in failing to call any witnesses to testify during the sentencing phase of the trial. According to Whited, had such witnesses testified to "relevant mitigating circumstances," there is a reasonable probability that the trial court would have imposed a lesser sentence. Again, Whited engages in rank speculation, which does not establish ineffectiveness.[20] Similarly, we are not persuaded that the trial court would have been more lenient had Whited testified on his own behalf during the sentencing hearing. As Whited is unable to demonstrate a reasonable probability that the result would have been different, he is unable to establish ineffective assistance.[21]

8. Finally, Whited asserts that his trial counsel was ineffective given "the aggregate effect of the errors." As discussed above, however, Whited's claims of error lack merit. Moreover, "each claim of inadequate representation must be examined independently of other claims, as Georgia does not recognize the cumulative error rule."[22] It follows that this assertion provides no basis for reversal.

*Judgment affirmed. Barnes, J., and Pope, Senior Appellate Judge, concur.*

DECIDED OCTOBER 29, 2002 ▪

*Shandor S. Badaruddin,* for appellant.
*Philip C. Smith, District Attorney,* for appellee.

[19] See *Callahan v. State,* 250 Ga. App. 193, 197 (2) (b) (550 SE2d 757) (2001).
[20] See id.
[21] See *Avans,* supra.
[22] *Burk v. State,* 253 Ga. App. 272, 273-274 (2) (558 SE2d 726) (2002).