A03A0370. GARDNER v. THE STATE.
(582 SE2d 167)

MILLER, Judge.

Convicted on five counts of armed robbery and two counts of robbery, Gerald Wayne Gardner appeals. In addition to arguing that he received ineffective assistance of counsel, Gardner contends that the trial court erred in refusing to allow him a psychiatric evaluation, and that the evidence was insufficient to sustain the third armed robbery count. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence showed that Gardner entered several businesses and casually demanded money. On several of those occasions, Gardner either stated to the victim that he had a gun, motioned as if he had a gun, or presented what appeared to be a gun. On the day of trial, Gardner filed a motion for psychiatric evaluation, which motion the trial court denied. The trial court did, however, allow Gardner to have a mental health evaluation for the purpose of the motion for new trial, but at Gardner's own expense. Gardner now appeals following the denial of his motion for new trial.

1. Gardner contends that he was denied the right to due process because the trial court denied his motion for psychiatric evaluation at the State's expense filed on the day of trial. On the morning of trial, Gardner's counsel explained that he became aware of the extent

of Gardner's alleged mental incompetency the night before trial. Trial counsel made several references to statements Gardner made during a custodial interview, in which Gardner explained his "religious and psychotic experiences" and stated that he heard voices.[1]

Under Uniform Superior Court Rule 31.1, Gardner was required to file his motion at least ten days prior to trial. Thus, as Gardner's motion for a psychiatric evaluation was untimely, the court did not err in denying the motion. See *Jackson v. State*, 256 Ga. App. 829, 830 (1) (570 SE2d 40) (2002).

2. Gardner challenges the sufficiency of the evidence to sustain Count 3 of the indictment. Count 3 charged that Gardner demanded and took money from a restaurant employee by the use of a replica having the appearance of an offensive weapon. A person commits armed robbery when he, "with [the] intent to commit [a] theft, . . . takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica . . . having the appearance of such weapon." OCGA § 16-8-41 (a). The evidence showed that Gardner walked into a restaurant, opened his jacket showing what appeared to be a gun, and demanded money. Once the employee handed him the money, Gardner ran out of the door. Thus, the evidence was sufficient for a rational trier of fact to find Gardner guilty of armed robbery under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *White v. State*, 258 Ga. App. 546, 547-548 (1) (574 SE2d 629) (2002); *Anderson v. State*, 238 Ga. App. 866, 871 (1) (519 SE2d 463) (1999).

3. In six enumerations, Gardner argues that he was denied effective assistance of counsel. However, Gardner's trial counsel did not testify at the hearing on the motion for new trial.

> To establish a claim of ineffective assistance of counsel, a defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense. In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for new trial hearing, it is extremely difficult to overcome this presumption.

(Citations omitted.) *Holmes v. State*, 275 Ga. 853, 855-856 (7) (572 SE2d 569) (2002); see *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). We have reviewed each of Gardner's

---

[1] These references were redacted from the custodial statement and excluded from the evidence at trial.

claims of ineffective assistance of counsel in light of the record containing no testimony of trial counsel and find them to be without merit.

(a) Gardner argues that trial counsel was ineffective for failing to present an insanity defense and timely request a psychiatric evaluation. "[I]t is not enough to show merely that counsel unreasonably failed to inquire into [the defendant's] mental state — he must show a likelihood that such an evaluation would have affected the outcome at trial." (Citation omitted.) *Barber v. State*, 236 Ga. App. 294, 298 (4) (512 SE2d 48) (1999).

Here, Gardner presented the testimony of a forensic psychologist, who stated that Gardner did not have the mental capacity to distinguish between right and wrong at the time the crimes were committed, and that Gardner suffered from delusions. The trial court, in its order denying Gardner's motion for new trial, stated that it found the expert's testimony to be incredible and concluded that because there was no significant showing of insanity, trial counsel was not ineffective in failing to pursue the issue. The court further found that the crimes were committed under the voluntary influence of cocaine. "The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous." (Footnote omitted.) *McCollum v. State*, 257 Ga. App. 330, 332 (2) (571 SE2d 405) (2002). "[T]he court was authorized to and did find the evidence of mental impairment incredible." *Flesche v. State*, 254 Ga. App. 3, 6 (2) (561 SE2d 160) (2002). Thus, the trial court's determination that the psychologist's testimony would have had no reasonable likelihood of altering the outcome of the trial is not clearly erroneous, and Gardner has failed to prove ineffective assistance of counsel on this ground. See *Reed v. State*, 248 Ga. App. 107, 109 (1) (b) (545 SE2d 655) (2001).

(b) Gardner's argument that trial counsel was ineffective in failing to introduce psychiatric testimony during a hearing to determine the voluntariness of Gardner's custodial statement is also without merit. As explained in Division 3 (a), Gardner has not shown that such testimony would have altered the outcome of the court's ruling on the issue.

(c) Gardner argues that trial counsel was ineffective in failing to object to the display of a pistol to the jury. At trial, the State elicited testimony from a detective with the Lexington, Kentucky police department, who investigated a robbery which Gardner admitted committing. The State presented a BB gun that the detective identified as the gun involved in the Lexington robbery. Gardner argues

that trial counsel was ineffective for failing to object to the display of the gun.

Any harm in the display of the BB gun is overshadowed by Gardner's admission to his involvement in the Lexington robbery. Cf. *Heard v. State*, 274 Ga. 196, 199-200 (6) (552 SE2d 818) (2001). Gardner has failed to show how the outcome of the case would have been different had it not been for counsel's failure to object to such display. See *Cortez v. State*, 253 Ga. App. 699, 706 (6) (c) (561 SE2d 142) (2002).

(d) Gardner argues that trial counsel was ineffective in failing to object to the trial court's charge to the jury on intent. The court instructed the jury that:

Intent may be shown in many ways provided you the jury believe that it existed from the proven facts before you. It may be inferred from the proven circumstances or by acts and conduct or it may be in your discretion inferred when it is the natural and necessary consequence of the act. Whether or not you draw such an inference is a matter solely within your discretion.

Gardner contends that this instruction violates *Harris v. State*, 273 Ga. 608, 609-610 (2) (543 SE2d 716) (2001), because it allows the jury to infer intent. This Court has previously held, however, that the application of *Harris* is limited to cases in which the trial court instructs the jury that it can infer intent to kill by the act of using a deadly weapon, and that the charge given in this case is a proper statement of law. *Whited v. State*, 258 Ga. App. 195, 197-198 (4) (a) (573 SE2d 449) (2002); *Smith v. State*, 255 Ga. App. 580, 584-585 (3) (565 SE2d 904) (2002). As there was no error in the court's charge to the jury, counsel was not ineffective for failing to object to the charge. See *Whited*, supra, 258 Ga. App. at 198 (4) (a).

(e) Gardner argues that he was denied effective assistance of counsel as guaranteed by the Georgia Constitution. Specifically, Gardner urges this Court to overrule *Ross v. State*, 231 Ga. App. 793, 795 (1) (499 SE2d 642) (1998), and similar cases holding that there is no substantial difference in the legal standard used to resolve claims of ineffective assistance of counsel under the United States Constitution and under the Georgia Constitution. See *White v. State*, 216 Ga. App. 583 (1) (455 SE2d 117) (1995). Gardner proposes that this Court adopt a different standard for evaluating ineffective assistance of counsel under the Georgia Constitution, which would require that the appellant show a mistake or deficiency of trial counsel and demonstrate that the mistake resulted in the deprivation of an available and meritorious defense. We decline to adopt such a standard as

the current standard is well established not only by this Court but also by the Supreme Court of Georgia. See *Manus v. State*, 180 Ga. App. 658, 660-661 (350 SE2d 41) (1986) (Beasley, J., concurring specially); see also *Brogdon v. State of Ga.*, 255 Ga. 64, 67-68 (3) (335 SE2d 383) (1985); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MAY 7, 2003.

*Shandor S. Badaruddin*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.